**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**DALLACE SEIULI, Defendant**

High Court of American Samoa
Trial Division

CR No. 7-95

February 7, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General

For Defendant, Reginald E. Gates, Public Defender

Opinion and Order:

On January 30, 1996, defendant Dallace Seiuli ("Seiuli") was tried by the court without a jury for the alleged offense of unlawful possession of a firearm or firearm ammunition in violation of A.S.C.A. § 46.4207(a)(1). Seiuli and both counsel were present.

ELEMENTS OF THE OFFENSE
A person commits the offense of unlawful possession of a firearm or firearm ammunition if:

176

(1) the person has any firearm or firearm ammunition in his possession; and
(2) during the five-year period immediately preceding the date of that possession, either in

American Samoa or elsewere, the person has been convicted of a dangerous felony or has been confined for that conviction.

## FINDINGS OF FACT

On December 7, 1994, Officer Paulo Leuma and three other police officers of the Department of Public Safety ("DPS") of plaintiff American Samoa Government ("ASG") went to a residence in Ili'ili, American Samoa. The officers possessed a search warrant duly issued by an Acting Associate Justice of this court to search the residence and, if found, seize a machine gun ("the gun").

Leuma and Sgt. Terry Letuli went to the back door of the residence. The other two officers went to the front door. Leuma knocked on the back door, which consisted only of a screen door and provided immediate entry to the kitchen. After about one minute, Seuili came to the back door from the direction of another room in the residence.

Leuma asked Seuili to step outside. Seiuli untied a rope fastening the door and went outside. Leuma identified himself and Letuli as police officers and told Seiuli that two other officers were at the front door. Leuma explained to Seuili that the officers has a search warrant to search the residence and seize the gun if found there. He gave Seuili a copy of the search warrant.

Leuma, Letuli and Seuili then entered the kitchen. Inside, they conversed a short while longer. Leuma asked Seuili if he had the gun. Seiuli pointed to the room near which Leuma had first observed him and said the gun was on a chair in that room.

Leuma, Letuli and Seiuli than went inside this room, a bedroom, and the officers saw the gun on a chair next to a bed. Letuli examined the gun. He found and removed a magazine from it. He retained the gun, while the four officers carried on a further search of the residence for approximately 15 minutes. Leuma did not physically see the gun during this search, but Letuli was in his immediate presence throughout this procedure. After completing the search, and while in the living room of the residence, Leuma inventoried and tagged all items seized and took possession of the gun and magazine.

Seiuli was the only person inside the residence, other than the officers, while the officers were there.

Leuma transported all items seized at the residence to DPS headquarters in Fagatogo. There the officers removed seven rounds of ammunition from the gun's magazine. The gun was loaded with ammunition when it was seized.

Seiuli was convicted in the Superior Court of the State of California of the crime of assault with a deadly weapon, in violation of Ann. Cal. Penal Code § 245(a)(1), on July 1, 1986. On April 11, 1989, he was sentenced to serve two years in the state prison system, operated by the California Department of Corrections ("DOC"), for this offense. On April 17, 1990, he was paroled from this imprisonment. He remained on parole until discharged on April 2, 1992.

## DISCUSSION AND CONCLUSIONS

1. Possession.

"'Machine gun' means any firearm that is capable of firing more than two shots automatically, without manual reloading, by a single function of the trigger." A.S.C.A. § 46.4201(j). The gun seized under the search warrant is a machine gun. Since Leuma did not have the gun in actual sight during the search after the gun was seized, Seiuli questioned whether the gun in evidence is the same one seized. During this search of about 15 minutes, Letuli physically possessed the gun and was in Leuma's immediate presence. We have no doubt that the gun in evidence was the gun seized.

Seiuli protested that his ownership of the gun was not shown. However, possession, not ownership, is the issue. "A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it." 9th Cir. Crim. Jury Instr. 3.16 (West 1992). We excluded as hearsay Leuma's direct testimony that Seiuli lived at the residence and was married to the owners' daughter, and that the owners were off-island at the time of the search. However, we can reasonably infer from Seiuli's presence and familiarity with the residence and the things within the structure that he lived there. Clearly, his connection with the gun was neither casual nor coincidental. He then knew the gun was there and had physical control of it.

Thus, we conclude that beyond a reasonable doubt, Seiuli was in possession of the gun at the time of the search.

178

2. Conviction or Confinement.

The facts found above regarding Seiuli's conviction and confinement in California were recorded in a public document of the State of California, purporting to bear the state seal and the Deputy Secretary of State's attestion signature. This document was admissable under T.C.R.Ev. Rule 803(22) and Rule 902(1), dealing respectively with hearsay exceptions when the declarant's availability is immaterial and self-authenication.

Under American Samoa law, a "Dangerous felony' means the felonies of murder, forcible rape, assault, robbery, kidnapping, or the attempt to commit an of these felonies." A.S.C.A. § 46.3111(8). For purposes of T.C.R.Ev. Rule 803(22), a felony is a crime punishable by imprisonment for more than one year. A.S.C.A. § 46.3102(b). By contrast, any crime punishable by imprisonment in the state prison was a felony in California in 1986. Ann. Cal. Penal Code § 17(a) (West 1970). Assault with a deadly weapon was so punishable in California for two, three or four years in 1986 and 1989. Ann. Cal. Penal Code § 245(a)(1) (West 1985). Seiuli was convicted of a dangerous felony in 1986 for purposes of the alleged offense.

We did not admit into evidence the last two pages attached to the California public document. These pages consist of a letter, predating the public document, from the ASG Attorney General's Office to the DOC, and the DOC's handwritten response, and were apparently inadvertently attached to the public document as part of the exhibit when offered into evidence. Seuili argued that without these two pages, we do not know when and if Seiuli was paroled, thus creating a reasonable doubt that he was confined in California within than five years immediately preceding the date he was in possession of the gun. Although a parolee remains in legal custody under California law, Ann. Cal. Penal Code § 3056 (West 1970), a person is not confined when on parol, temporarily or otherwise, under American Samoa law. A.S.C.A. § 46.3111(3)(D). Upon closer scrutiny, however, the admissible California public document also records Seiuli's parole on April 17, 1990.

Therefore, we conclude that beyond a reasonable doubt, Seiuli was confined for the conviction of a dangerous felony within five years immediately preceding his possession of the gun on December 7, 1994.

### Decision

Seuili is guilty of unlawful possession of a firearm or firearm ammunition, as charged in Count IV of the information.

<u>Sentencing</u>

Seiuli's bail is revoked, and he is remanded to custody at the DPS correctional facility at Tafuna, pending sentencing. He shall report to the correctional facility no later than noon on Friday, February 9, 1996. If he fails to so report, a bench warrant for his arrest will issue forthwith, without bail. The Attorney General will hold Seiuli's travel documents and impose a travel stop order on him until further order of the court.

Sentencing is scheduled on March 1, 1996, at 9 a.m. The pre-sentence report shall be completed and made available to the court and counsel no later than February 28, 1996.

It is so ordered.